RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1132-MR

JENNIFER CARR                                                                 APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE SHELLEY M. SANTRY, JUDGE
ACTION NO. 13-CI-502609

THOMAS CARR                                                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, DIXON,[1] AND ECKERLE, JUDGES.

DIXON, JUDGE: Jennifer Carr appeals the order of the Jefferson Circuit Court,

entered April 25, 2022, enforcing the parties' mediated settlement agreement.

After careful review of Jennifer's brief, the record, and the law, we affirm.

---

[1] Judge Donna Dixon authored the Opinion before her tenure with the Kentucky Court of
Appeals expired on November 20, 2023. Release of this Opinion was delayed by administrative
handling.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Asserting that Jennifer violated the parties' 2013 settlement agreement by claiming their daughter as a tax dependent, Thomas motioned the court to order that she amend her 2021 filings. The court granted the motion, over Jennifer's objection, and denied her subsequent motion to amend. This appeal challenging the court's enforcement of the settlement agreement timely followed. We will introduce additional facts as they become relevant.

## STANDARD OF REVIEW

As an initial matter, Thomas failed to file a brief. Accordingly, we are permitted to: "(a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." RAP[2] 31(H)(3). Under the facts of this case, we decline to enforce a penalty and will review Jennifer's brief on its merit.

The "[t]erms of a settlement agreement are enforceable as contract terms." *Nelson v. Ecklar*, 588 S.W.3d 872, 878 (Ky. App. 2019) (citing *Cagata v. Cagata*, 475 S.W.3d 49, 56 (Ky. App. 2015)). The review of a contract "must

---

[2] Kentucky Rules of Appellate Procedure.

begin with an examination of the plain language of the instrument. 'In the absence of ambiguity, a written instrument will be enforced strictly according to its terms,' and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Kentucky Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691, 694 (quoting *Wehr Constructors, Inc. v. Assurance Co. of Am.*, 384 S.W.3d 680, 687 (Ky. 2012)). "The interpretation of a contract, including determining whether a contract is ambiguous, is a question of law to be determined de novo on appellate review." *Id.* at 695 (citing *Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699, 703 (Ky. 2006)).

## LEGAL ANALYSIS

During the underlying dissolution of marriage proceedings, the parties reached a mediated settlement agreement in 2013 resolving issues related to their children. Relevantly, the agreement provides as follows:

Tax Exemptions for Children

The Parties will each claim one child as a dependent until only one child is available as an exemption. At that point, they will alternate the exemption with [Thomas] claiming odd numbered years, and Jennifer claiming even numbered years. Jennifer will claim [their son] and [Thomas] will claim [their daughter] commencing in 2013 and continuing so long as the exemption is allowable.

Jennifer contends, on appeal, that the court misinterpreted the above agreement and thereby deprived her of a tax benefit to which she alone is entitled.

-3-

Supporting its enforcement order, the court concluded that the parties intended to share generally in the tax benefits associated with their children. Jennifer, however, asserts that the agreement was unambiguously conditioned on the availability of the dependent child exemption specifically and that the exemption was suspended for tax year 2021 in favor of a child tax credit.[3] Jennifer argues that the agreement was, therefore, moot and the court's order enforcing it must be reversed. We are not convinced that the agreement excludes the admittedly available child tax credit, which directly reduces a claimant's tax obligation,[4] given that the exemption is ordinarily defined as the "state of being exempt," and exempt means to be "free or released from some liability or requirement to which others are subject."[5] However, even accepting *arguendo* Jennifer's interpretation of the settlement agreement, her claim is without merit.

Though the tax code was amended to reduce the exemption to zero for tax years 2018 through 2025, the statute states specifically that this change "shall not be taken into account in determining whether a deduction is allowed or allowable" and continues to list the exemption as an allowed deduction. 26

---

[3]  26 United States Code Annotated (U.S.C.A.) § 24(c) and 26 U.S.C.A. § 152(c) and (e).

[4]  26 U.S.C.A. § 24. In comparison, the child exemption reduces a claimant's taxable income. *See* 26 U.S.C.A. § 63(b)(2).

[5]  *See exemption*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/exemption (last visited Nov. 14, 2023); *Exempt*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/exempt (last visited Nov. 14, 2023).

U.S.C.A. § 151(c) and (d)(5)(B). Consequently, the agreement is not moot, and Thomas was entitled to claim the parties' daughter for tax year 2021. The fact that Thomas may receive a financial benefit from the child tax credit instead of the exemption itself does not change this analysis as the issue is collateral to the agreement. Additionally, Jennifer's assertion that she is the only one qualified by the tax code to claim the child as a dependent is unavailing since federal law has long permitted a custodial parent to release their claim in favor of a noncustodial parent. 26 U.S.C.A. § 24(c); 26 U.S.C.A. § 152(c) and (e).[6]

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Katie M. Brophy
Louisville, Kentucky

---

[6] *See also Adams-Smyrichinsky v. Smyrichinsky*, 467 S.W.3d 767 (Ky. 2015), for a discussion about the role of release in allocating tax benefits between parents.